**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CASA STUCKEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 18 C 4004 |
| ) | |
| v. ) | Judge John Z. Lee |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Casa Stuckey,[1] has brought this action against Bank of America, N.A., Jaclyn Hilderbrand, and Brian Moynihan,[2] challenging the validity of a state-court judgment of foreclosure. Bank of America and Moynihan (collectively, "Bank of America") have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6). For the reasons stated herein, the motion is granted, Stuckey's "motion to strike" is denied, and this case is dismissed with prejudice.

## Background

After defaulting on his mortgage loan, Stuckey was sued in a foreclosure action in Lake County, Illinois. *See* Defs.' Mem. Supp. Mot. Dismiss, Ex. A, ECF No. 21-1.[3] In May 2017, the

---

[1] The docket lists two other plaintiffs, Josie Stuckey and Stoneridge Crossing Homeowners' Association. However, only Casa Stuckey has filed a *pro se* appearance. "Corporations cannot appear *pro se*, . . . and one *pro se* litigant cannot represent another." *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008). Thus, the Court refers to Casa Stuckey as the sole plaintiff throughout.

[2] Bank of America is the only defendant listed on the docket, but the complaint also references Jaclyn Hilderbrand and Brian Moynihan as defendants.

[3] The recited facts are taken from Stuckey's complaint and are accepted as true at this stage. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (stating that, at the motion-to-dismiss stage, the court "accept[s] as true all well-pleaded facts alleged"). Moreover, the Court takes judicial notice of

state court entered a judgment of foreclosure and sale against Stuckey and in favor of Bank of America. *See id.*, Ex. C, ECF No. 21-3. And, in May 2018, the court entered an Order Approving Report of Sheriff's Sale and Distribution, Order for Deed, and Order for Eviction. *See id.*, Ex. D, ECF No. 21-4.

Stuckey alleges that Bank of America injured him by purchasing his home at the sheriff's sale in May 2018. Compl. ¶ 2, ECF No. 1. He states that Bank of America "has not suspend[ed] all trading of [his] secured note [or] gave settlor accounting of pay order history," and that "the note and all information should have been entered into 'Discovery.'" *Id.* ¶ 3. Stuckey further alleges that he has "been injured" by Bank of America and its servicer, because the servicer "commenced an action of foreclosure against [him]" even though "a bank cannot own property, so Bank of America could never qualify as the original creditor." *Id.* ¶ 4. He seeks to "annul the stat[e's] order" and obtain "full possession and beneficial enjoyment of [his] property," as well as a "full refund of all monies that went through the national banking system." *Id.* ¶¶ 5–6.

## Legal Standards

**I.     Rules 8(a) and 12(b)(6)**

Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, to survive a motion to dismiss under

---

court documents in the state foreclosure case, as they are matters of public record. *See Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000).

Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## II. Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss contends that a court lacks subject-matter jurisdiction to adjudicate a claim. Fed. R. Civ. P. 12(b)(1). "The party asserting jurisdiction bears the burden of establishing that it exists." *Montgomery v. Markel Int'l Ins. Co. Ltd.*, 259 F. Supp. 3d 857, 862 (N.D. Ill. 2017) (citing *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013)). Challenges to subject-matter jurisdiction can be either "facial" or "factual." *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

In a factual challenge, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation omitted). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations," and the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citation omitted); *see also Garcia v. Farmers Ins. Exch.*, 121 F. Supp. 2d 667, 668 (N.D. Ill. 2000) ("The

3

presumption of correctness . . . accord[ed] to a complaint's allegations on the jurisdictional issue falls away once a defendant proffers evidence that calls the court's jurisdiction into question.").

**Analysis**

Bank of America seeks dismissal of Stuckey's complaint for failure to comply with the pleading requirements of Rule 8(a), and pursuant to the *Rooker-Feldman* doctrine and *res judicata*. Stuckey filed a "motion to strike" the motion to dismiss, which the Court construed as a response to the motion. Pl.'s Resp. Opp. Mot. Dismiss at 1, ECF No. 29; *see* Order of 12/21/18, ECF No. 30. The response contends that "The Clearfield Doctrine and the Department of Justice of the United States Attorney Manu[a]l 210 Choice of Law states, that if money or a negotiable instrument is involved the jurisdiction is federal." Pl.'s Resp. Opp. Mot. Dismiss at 1.

As an initial matter, Stuckey's complaint does not explicitly assert any particular claims. As Bank of America points out, "it is left to the reader to ascertain what claims [Stuckey] purports to assert against [Bank of America] and the basis of those claims." Defs.' Mem. Supp. Mot. Dismiss at 5–6. What is clear, however, is that Stuckey is directly challenging the validity of the state-court judgment. As such, the Court turns to the applicability of the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction over claims that seek to directly challenge a state-court judgment or that seek to redress injury that was allegedly caused by the state-court judgment. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482–86 (1983)). However, where the claim "alleges an independent prior injury that the state court failed to remedy," *Rooker-Feldman* does not bar the claim. *Id.*

It is well-established that claims seeking review of a state-court foreclosure judgment in federal court are barred by the *Rooker-Feldman* doctrine. *See Nora v. Residential Funding Co.*,

4

*LLC*, 543 F. App'x 601, 602 (7th Cir. 2013) (stating that *Rooker-Feldman* bars "asking a federal district court to review and reject the state court's judgment of foreclosure of [the plaintiff's] property"); *Frances v. Fed. Nat'l Mortg. Ass'n*, No. 14 C 00288, 2014 WL 2109892, at *1 (N.D. Ill. May 20, 2014) (stating that *Rooker-Feldman* barred claims that would "invite this Court to invalidate, or negate" the state-court foreclosure judgment); *see also, e.g., Lietha v. Bank of Am., N.A.*, No. 14 CV 442, 2015 WL 1457428, at *4 (W.D. Wis. Mar. 30, 2015) ("[Plaintiff] unambiguously asks this court to set aside the state court's judgment of foreclosure on his residence. This is precisely the type of review that *Rooker-Feldman* prohibits.") (citing *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646–47 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004)).

Additionally, "a request for review of a state-court foreclosure decision that includes a claim for damages based on charges of defrauding the state court" is not an allegation of independent injury but rather seeks to redress injury allegedly caused by the state-court judgment. *Nora*, 543 F. App'x at 602; *see also Taylor*, 374 F.3d at 534 (stating that claims for "extrinsic fraud and fraud on a court" allege injuries that "arose not from an independent violation of [a plaintiff's] rights but from the extrinsic fraud upon the state court and intentional deprivation of her property that [plaintiff] claims occurred due to that violation").

Finally, if a claim seeks to redress injury caused by a state-court judgment, the court "must determine whether the plaintiff had a reasonable opportunity to raise the issue in state court proceedings." *Jakupovic*, 850 F.3d at 902. If so, *Rooker-Feldman* bars the claim. *Id.*

Here, it is clear that Stuckey's complaint is inextricably intertwined with the state-court action and, indeed, that it directly challenges the validity of the state-court judgment. Stuckey seeks possession of the foreclosed property, along with a "full refund of all monies." Compl. at 2.

Thus, Stuckey asks this Court to set aside the state-court judgment, which was finalized when the court entered an order approving the sale on May 17, 2018. *See* Defs.' Mem. Supp. Mot. Dismiss, Ex. D. This is precisely what the *Rooker-Feldman* doctrine prohibits.

To the extent that Stuckey argues that the state court lacked jurisdiction because Bank of America is not (he contends) the original creditor, the Court finds that he had a reasonable opportunity to make this argument in the state-court proceedings. Indeed, Stuckey previously filed counterclaims against Bank of America in the state-court action. *See id.*, Ex. E, ECF No. 21-5. He could have included this argument in those counterclaims, but apparently chose not to do so.

Because the Court lacks subject-matter jurisdiction[4] over Stuckey's claims, Bank of America's motion to dismiss is granted.[5] And, because it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted," this case is dismissed with prejudice. *See Carpenter v. PNC Bank, Nat'l Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Stuckey cannot "cure[] [his] complaint's flaw, which is that [a] federal district court lack[s] jurisdiction over a . . . suit that attacks a state foreclosure judgment." *Id.*

---

[4] Because the Court concludes that the *Rooker-Feldman* doctrine applies, it does not reach Bank of America's arguments pertaining to Rule 8(a) or the doctrine of *res judicata*.

[5] Because the Court lacks subject-matter jurisdiction over this lawsuit, the complaint is also dismissed as to Jaclyn Hilderbrand.

## **Conclusion**

For the foregoing reasons, Bank of America's motion to dismiss is granted, and Stuckey's "motion to strike" is denied. This case is dismissed with prejudice.

**IT IS SO ORDERED.**              **ENTERED  4/29/19**

_____
**John Z. Lee
United States District Judge**